RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 12/7/06
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| GLYNN E. DAVIS | CIVIL ACTION 3-05-0121 |
| VERSUS | DISTRICT JUDGE ROBERT G. JAMES |
| GUARDIAN LIFE INSURANCE COMPANY OF AMERICA | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss (Doc. # 60) referred to me by the district judge for Report and Recommendation. This is an ERISA suit for disability insurance benefits by a former employee pursuant to a group policy provided by the plaintiff's former union, the Paper, Allied-Industrial, Chemical and Energy Workers International Union (PACE).

PACE's president, Stanley Green, requested that its insurance broker, P&S Benefit Consultants, Inc. (P&S) secure a group disability plan for the union's members. P&S obtained coverage from Guardian Life Insurance Company of America (Guardian). Plaintiff Davis enrolled in the plan. In April of 2004 it is alleged that Guardian notified Green and PACE that the premiums on the plan were going to increase. Green refused to pay the increase and the plan was cancelled by Guardian.

1

Plaintiff first sued guardian but has since dismissed Guardian and has added as defendants PACE and Green, alleging that they failed to pay the premiums thus leaving Davis without coverage. PACE and Green have filed a third party demand against P&S, the insurance broker. They allege that P&S breached a fiduciary duty to Davis to notify him that the policy had been cancelled. The third party demand appears to seek only contribution from P&S, and not indemnity because it does not allege that P&S breached a fiduciary duty to PACE or Green.

P & S has filed this Motion to Dismiss arguing that, under La. R. S. 9: 5606, the third party claims against it are prescribed and perempted as having been filed too late. PACE and Green argue that until they were named in the suit they had no right to sue and thus no standing and that the suit was their first notice of an injury and was the time they discovered their claim for indemnification.

## Analysis

Prescription does not begin to run on claims for indemnification and /or contribution until the party seeking same is cast in judgment. <u>Orleans Parish School Board v. Pete Vicari General Contractor, Inc.</u>, 751 So.2d 1021 (La. App. 4 C. 2000); <u>Edward Levy Metals, Inc. v. New Orleans Public Belt Railroad</u>, 148 So.2d 580 (LA. 1963). However, in this case, the statute, La. R. S. 9: 5606 , provides by its express terms for a period of

peremption, not prescription. No Louisiana case has held that peremption does not begin to run on claims for contribution or indemnity until the party is cast in judgment. See <u>Roger v. J. Dufrene</u>, 613 So.2d 947 (La. 1993); <u>Alliance General Insurance Company v. Louisiana Sheriff's Automobile Risk Program</u>, 52 F. Supp. 2d 711 (E. D. La. 1999).Third party plaintiffs argue, however, that they had no claim until they were named as defendants in this suit and thus had no standing to sue and had suffered no injury. They further assert that they "discovered" the claim when suit was filed against them.

The statute has been uniformly interpreted according to strict construction principles. That is, because the statute expressly provides for a period of peremption, not prescription, the periods provided for cannot be interrupted, suspended or renounced. See <u>Bel v. State Farm</u>, 845 So.2d 377 (La. App. 1 Cir. 2003), writ den.845 So.2d 1057 (2003); <u>Bar-B-Que, Inc. v. Certain Underwriters at Lloyds</u>, 909 So.2d 619 (La. App. 3 C. 2005); <u>Biggers v. Allstate Ins. Co.</u>, 886 So.2d 1179 (La. App. 5C. 2004).

Therefore, regardless of the fact that PACE and Green may have had no reason to sue P & S before they were themselves sued, peremption as provided by the statute ran. As provided by the statute, peremption ran from the date of the alleged act, omission or neglect or from when such act was discovered or should have been discovered.

3

P & S argues that Green and PACE had been provided actual notice by Guardian of the fact that payments were late, and later, of cancellation and right to reinstate the policy. P & S also argues that Green actually received a letter in October 2004 notifying him that the policy could no longer be reinstated. P & S argues that, at the latest, peremption ran from the October date and therefore the third party demand comes too late.

The issue before the court-whether the third party claim comes too late-is raised by Motion to Dismiss, not by Motion for Summary Judgment. Although the briefs are replete with references to dates and letters and notifications, none of that "evidence" has been provided to the court by affidavit, deposition, or otherwise and is disputed. Without such evidence, it is impossible for this court to determine "the date of the alleged act, omission, or neglect" or when such was discovered or should have been discovered as required by the statute. Thus we cannot say at this point whether the claim is perempted or not.

For these reasons, IT IS RECOMMENDED that the Motion to Dismiss, Doc. #60, be DENIED with the right to reurge the issue by motion or at trial.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific,

written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 7th day of December, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE